UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Criminal Case No. 2:16-cr-20591-2 |
|---|---|
| Plaintiff/Respondent, | Civil Case No. 2:20-cv-11079 |
| v. | HONORABLE STEPHEN J. MURPHY, III |
| JOEL CORONADO-TURUA, | |
| Defendant/Petitioner. | |
| _____/ | |

**OPINION AND ORDER**
**DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [156]**

Defendant Joel Coronado-Turua pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. ECF 102. The Court then sentenced Defendant to one hundred twenty months' imprisonment. ECF 144, PgID 438.

Defendant timely petitioned for a writ of habeas corpus under 28 U.S.C. § 2255. ECF 156. The Government responded to the petition. ECF 165. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny the petition.

**BACKGROUND**

Defendant challenged his sentence under 28 U.S.C. § 2255 on several scattered grounds that essentially boil down to three main arguments. *See* ECF 156. First, Defendant appeared to argue that his plea agreement was involuntary and that the Government violated his rights during the criminal investigation. *Id.* at 519–20, 525–

1

26. Defendant also vaguely claimed his arrest warrant was illegal and the Government lied to the grand jury. *Id.* He further claimed he is innocent of the conspiracy charge because he was not arrested with any drugs. *Id.* at 521–22, 523. Second, Defendant asserted his trial counsel was ineffective. *Id.* at 523, 526. Defendant specifically alleged that counsel for his plea deal misinformed and even lied to Defendant about the plea agreement. *Id.* at 523. And third, Defendant appeared to ask the Court to resentence him based on a seven-point deduction that he allegedly earned. *Id.* at 520, 527.

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will deny each claim in turn. After, the Court will deny a certificate of appealability and in forma pauperis status on appeal.

I. <u>Plea Agreement and Government Misconduct</u>

Defendants' first group of claims about the voluntariness of his plea agreement and the Government's misconduct in its investigation and prosecution are barred from collateral review. First, Defendant waived his right to appeal his sentence except for ineffective assistance of counsel claims when he signed his plea agreement. ECF 102, PgID 273–74. "It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). "Only challenges to the validity of the waiver itself will be entertained on appeal." *Id.* Thus, for the Court to even address the Government misconduct claims, Defendant must first successfully challenge the validity of his appeal waiver. But such a challenge is procedurally defaulted.

Except for ineffective assistance of counsel claims, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted). On direct appeal, Defendant raised only ineffective assistance of counsel claims about his counsel's conduct related to the "safety valve" in his sentencing. *See* ECF 154, PgID 515. As a result, the validity of Defendant's appeal waiver is procedurally defaulted unless Defendant can show cause and prejudice. To show cause and prejudice,

Defendant must show "that he possessed good cause for failing" to raise the claim on direct appeal "and would suffer actual prejudice if his averments [were] deemed precluded." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citations omitted). Alternatively, Defendant could show "that he is actually innocent of the subject offense." *Id.* (citations omitted).

For cause and prejudice, Defendant made no effort to explain why he failed to raise a claim about the waived issues on direct appeal. ECF 156. Nor has Defendant shown that he suffered actual prejudice from not asserting the claim. *See id.* Because Defendant procedurally defaulted the claim and failed to make the appropriate showings to excuse the default, Defendant cannot satisfy the cause and prejudice exception that would allow him to collaterally attack his appeal waiver.

But Defendant appeared to have asserted an actual innocence argument that allegedly would allow the Court to review the appeal waiver. Defendant repeatedly claimed that he could not be guilty for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 because he did not possess any drugs during his arrest. ECF 156, PgID 521–22, 524, 526, 528. "Actual innocence means factual innocence, and not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998) (internal quotations deleted). Actual innocence is a high bar and therefore requires the Court to examine all the evidence and conclude "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (quotation omitted).

But Defendant's alleged reason for actual innocence misstates the law. Drug possession is not an element of conspiracy to distribute controlled substances under

4

21 U.S.C. § 846. ECF 102, PgID 269 (listing elements). As the statute explains "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Under the statute, "[t]he government need not prove that the conspirators completed their agreed-upon drug crime." *United States v. Wheat*, 988 F.3d 299, 306 (6th Cir. 2021). Put differently, Defendant could have never touched any drugs and could still be guilty of conspiracy to distribute controlled substances under 21 U.S.C. § 846. *See Wheat*, 988 F.3d at 306 ("This drug-conspiracy test comports with the usual understanding of a 'conspiracy,' 'the essence of which is an agreement to commit an unlawful act.'") (quoting *Iannelli v. United States*, 420 U.S. 770, 777 (1975)). On that basis, Defendant has not shown that he is actually innocent of the drug conspiracy to which he pleaded guilty.

Without showing cause and prejudice or actual innocence, Defendant's claim about Government misconduct and his plea agreement remain procedurally defaulted and are barred from collateral review. The Court will therefore deny the claims about his plea agreement and Government misconduct.

II. <u>Ineffective Assistance of Counsel</u>

To succeed on an ineffective assistance of counsel claim, Defendant must show: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

The Court will deny the claim because Defendant cannot show prejudice on *Strickland*'s second prong. 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). "In the guilty plea context, prejudice means that, 'but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Moore v. United States*, 676 F. App'x 383, 385 (6th Cir. 2017) (alterations in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Yet Defendant never explained whether he would have abandoned the guilty plea and insisted on trial, if he had been fully aware of his plea agreement. *See* ECF 156. Instead, Defendant merely stated he "was misinformed about all this [sic] things going on with [his] case," *id.* at 525, and because of that he "would have never signed the [p]lea [a]greement," *id.* at 526.

Defendant's circumstances do not show prejudice under the second prong. In the Sixth Circuit, a defendant cannot show prejudice "merely by telling [the court] now that []he would have gone to trial then if []he had gotten different advice." *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (alterations in original and quotation omitted). "Nor is it sufficient . . . to base a claim of prejudice on the mere opportunity to make the same decision again with different information." *Moore*, 676 F. App'x at 385.

6

The prejudice "test is objective, not subjective." *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 372. And rejecting Defendant's plea bargain would have been irrational. Defendant was facing a mandatory minimum ten-year prison sentence. ECF 154, PgID 514. Defendant could not have received a lower sentence under a different plea agreement because he did not qualify for the safety valve under 18 U.S.C. § 3553(f). ECF 150, PgID 472. What is more, Defendant failed to challenge the Court's finding that he was ineligible for the safety valve on direct appeal despite having a chance to do so. *See* ECF 154, PgID 515; *see also* ECF 150, PgID 480–81 (explaining what issues Defendant may appeal after his sentence).

As the Government explained, Defendant's plea agreement was an objectively good decision because the plea gave Defendant a three-point reduction for acceptance of responsibility, which in turn reduced the maximum Guidelines range to no more than one month above the mandatory minimum. ECF 165, PgID 554; *see* ECF 150, PgID 474 (finding that Defendant had an offense level of 29 and a criminal history category II). And, as the Court noted at sentencing, because Defendant did not qualify for the safety valve, the acceptance of responsibility reduction guaranteed Defendant a 120- to 121-months' Guidelines sentence range. *See* ECF 150, PgID 472.

In short, the only way Defendant could show rejecting the plea bargain would have been rational is if he were willing to go to trial. But Defendant never explained

whether he would have gone to trial. *See* ECF 156. And as Defendant's counsel explained, "[g]oing to trial in this case would not have been in [Defendant's] best interests." ECF 165-2, PgID 562. Defendant therefore has not shown prejudice under the second *Strickland* prong and the Court will dismiss the ineffective assistance of counsel claim.

III.   Resentencing

Under § 2255(b), the Court may "resentence a defendant or [] correct his sentence, as may appear appropriate." *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019). Assuming Defendant's appeal waiver does not bar the apparent resentencing claim, ECF 102, PgID 273–74, the Court will deny it for three reasons.

First, Defendant was facing a mandatory ten-year minimum prison sentence, and the Court sentenced him to the minimum sentence possible. ECF 150, PgID 478. Second, Defendant was ineligible for a § 3553(f) safety value, *id.* at 472, and he never argued in the § 2255 petition or on direct appeal that he was eligible for the safety value, *see* ECF 154, PgID 515; ECF 156. The claim would therefore be procedurally defaulted. *Massaro*, 538 U.S. at 504. And third, although the plea agreement explained Defendant should be sentenced to a 70- to 87-months' imprisonment, it also explained that if the Court found Defendant had a higher Guideline range because of his criminal history, then the higher range would replace the 70- to 87-months' range. ECF 102, PgID 270–71. Because the Court found Defendant ineligible for the safety value, Defendant faced a higher Guidelines range and he agreed to that potential

8

outcome in the plea agreement. The Court will therefore deny Defendant's resentencing request.

IV. <u>Certificate of Appealability and Proceeding In Forma Pauperis on Appeal</u>

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [156] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** Civil Case No. 2:20-cv-11079.

**SO ORDERED.**

          s/ Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: June 1, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2021, by electronic and/or ordinary mail.

          s/ David P. Parker
          Case Manager